**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 8, 2021

Philip C. Chronakis, Esq.
Chiesa Shahinian & Giantomasi PC
11 Times Square, 34th Floor
New York, NY 10036
*Counsel for Plaintiffs*

Robert Winters, Esq.
7 Century Drive, Suite 201
Parsippany, NJ 07054
*Counsel for Plaintiffs*

Matthew Care, Esq.
Wade Clark Mulcahy LLP
1515 Market Street, Suite 2050
Philadelphia, PA 19102
*Counsel for Defendant Cedar Works Playsets!*

Peter N. Laub, Jr., Esq.
10320 Route 202
Branchburg, NJ 08876
*Counsel for Defendant Superior International Industries, Inc.*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    **Re:**   *Kean v. Cedar Works Playsets! et al.*, **No. 19-6583 (SDW) (CLW)**

Counsel:

    Before this Court is Plaintiffs Elizabeth Kean, Rhonda Kean, and Thomas Kean's (together, "Plaintiffs") Motion to Set Aside ("Motion") this Court's June 5, 2020 Order pursuant to Federal Rule of Civil Procedure ("Rule") 60(b).  (D.E. 40.)  For the reasons discussed below, the Court denies Plaintiffs' Motion.

**DISCUSSION**

A.

In July 2002, Plaintiffs purchased a backyard playset from Defendant Cedar Works Playsets! ("Cedar Works"). (D.E. 1-1 ¶ 6.) The playset was installed that same month, but Plaintiffs do not clearly identify the entity or individual responsible for the initial installation. (*Id.*) Ten years later, Plaintiffs moved and engaged an unidentified installer to relocate and reinstall the playset at their new residence. (*Id.* ¶ 7.) On November 11, 2012, Elizabeth Kean[1] was injured when "the metal 8 hook connecting a swing to the playset broke causing her to sustain severe and permanent injuries." (*Id.* ¶ 8.) Seven years later, in January 2019, Plaintiffs filed a products liability/breach of warranty/negligence suit in New Jersey Superior Court, Law Division, Union County against Cedar Works and other fictitious defendants. (D.E. 1-1.) On February 22, 2019, Cedar Works removed the state action to this Court. (D.E. 1.)

On February 19, 2020, Cedar Works moved to dismiss the Complaint for failure to state a claim upon which relief can be granted and for failure to join an indispensable party.[2] (D.E. 24.) Plaintiffs' opposition to the Motion to Dismiss was due by March 2, 2020. (*See id.*) On March 10, 2020, Mr. Robert Winters, counsel for Plaintiffs, filed a letter request with consent of defense counsel seeking to adjourn the motion day in light of his "recent hospitalizations for multiple broken ribs and a collapsed lung." (D.E. 31.) This Court granted Mr. Winters' request, which extended Plaintiffs' opposition deadline to March 23, 2020. (*See* D.E. 32.) On May 19, 2020, after nearly two months without any further communication from Mr. Winters, this Court extended Plaintiffs' opposition deadline to May 29, 2020. (D.E. 34.) The Court warned that failure to respond by May 29, 2020, would render the Motion to Dismiss unopposed. (*Id.*) Despite these extensions, no opposition was submitted on Plaintiffs' behalf. Accordingly, on June 5, 2020, this Court granted Cedar Works' unopposed Motion to Dismiss with prejudice and closed this matter. (D.E. 35 (or "June 5, 2020 Order").)[3]

Nearly three months later, on August 31, 2020, Mr. Philip Chronakis filed a letter under seal with this Court, followed by a notice of appearance on behalf of Plaintiffs. (D.E. 36, 37.) Mr. Chronakis sought to set aside the June 5, 2020 Order and for permission to file an opposition to Cedar Works' Motion to Dismiss. (D.E. 36.) In support of his requests, Mr. Chronakis stated that Mr. Winters experienced mental health and substance abuse infirmities which impacted his ability to meet Plaintiffs' opposition deadline. (*Id.*; *see also* D.E. 40-1.) In response, Defendants filed letters seeking a formal Rule 60(b) application from Plaintiffs so that they could appropriately oppose any request for relief from the June 5, 2020 Order. (D.E. 38, 39.) Thereafter, on October 26, 2020, Mr. Chronakis submitted the instant Motion to set aside this Court's June 5, 2020 Order and to file an opposition in response to the Motion to Dismiss for the same reasons noted in his

---

[1] Elizabeth Kean was the minor child of Rhonda and Thomas Kean during the events in question.

[2] During the litigation, Cedar Works filed a Third-Party Complaint against Superior International Industries, Inc. ("Superior") (collectively, "Defendants"). (D.E. 17.) Superior joined in Cedar Works' Motion to Dismiss. (D.E. 27.)

[3] The June 5, 2020 Order noted that Plaintiffs' Complaint contained "conclusory and generalized allegations [that] fail[ed] to establish what if any defects (design or otherwise) existed, who was responsible for the installation of the playset initially or after Plaintiffs moved (information that is entirely in Plaintiffs' control and which has not been provided to Defendant[s]), how Defendant[s] acted negligently, or what warranties Defendant[s] breached." (D.E. 35 at 2, n.3.) Thus, the Court found that "Plaintiffs' Complaint fail[ed] to state a claim upon which relief can be granted and fail[ed] to name an indispensable party (the installer(s)), required to appropriately apportion relief." (*Id.* (citing Fed. R. Civ. P. 12(b)(6) & 7; 19(a)(1)).)

August 31, 2020 letter.  (D.E. 40, 40-1.)  Defendants opposed the Motion,[4] and Plaintiffs did not submit a reply.  (D.E. 42, 43, 44.)

B.

In relevant part, Rule 60(b) provides that:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).  The Third Circuit has stated that a Rule 60(b)(6) motion "must be fully substantiated by adequate proof and its exceptional character must be clearly established."  *FDIC v. Alker*, 234 F.2d 113, 117 (3d Cir. 1956).

With respect to excusable neglect, the Supreme Court has stated that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Investment Services v. Brunswick Assoc. Ltd. Ptrshp*, 507 U.S. 380, 393 (1993).  The following factors are applicable to the court's excusable neglect determination:

> [1] the danger of prejudice to the debtor [or opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395.  The court may also grant relief under Rule 60(b)(6) "in cases evidencing extraordinary circumstances."  *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (citing *Ackermann v. United States*, 340 U.S. 193 (1950)); *see also In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988).  "Extraordinary circumstances involves a showing that without relief from the [order], an extreme and unexpected hardship will result."  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (internal quotations omitted).  Such a motion is "'addressed to the sound *discretion of the trial court*.'"  *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (emphasis added) (quoting *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981)).

C.

Plaintiffs fail to meet the Rule 60(b) standard to set aside this Court's June 5, 2020 Order.  Under the first and second factors for excusable neglect, this Court agrees with Cedar Works' position that it will be prejudiced if Plaintiffs' Motion is granted because it has defended the instant

---

[4] Superior joined in Cedar Works' opposition.  (D.E. 44.)

action for two years which will likely impact further judicial proceedings. *See Johnson v. Life Ins. Co. of N. Am.*, No. 12-498, 2014 WL 4792173, at *12 (W.D. Pa. Sept. 23, 2014), *aff'd*, 626 F. App'x 379 (3d Cir. 2015) (noting that potential prejudice exists in a two-year-old case "with respect to the loss of evidence for trial, fading memories, and witnesses becoming unreachable or unavailable for trial"); *see also ASD Specialty Healthcare, Inc. v. New Life Home Care, Inc.*, No. 11-068, 2013 WL 5728549, at *5 (M.D. Pa. Oct. 22, 2013). In particular, the potential for lost evidence, unclear memories, and witness unavailability is compounded by the fact that Plaintiffs' playset purchase occurred eighteen years ago and the injury at issue occurred eight years ago.

With respect to the third and fourth factors, although this Court is sympathetic to Mr. Winters' physical and mental health challenges that were presumably out of Plaintiffs' control, they do not justify relief under Rule 60(b). *See Carcello v. TJX Companies, Inc.*, 192 F.R.D. 61, 64 (D. Conn. 2000) (stating that "illness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1)"); *see also Advanced Fluid Sys., Inc. v. Huber*, 381 F. Supp. 3d 362, 377–78 (M.D. Pa. 2019), *aff'd*, 958 F.3d 168 (3d Cir. 2020); *Lucio v. New York City Dep't of Educ. & Marie Douyon*, No. 12-247, 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013) (declining to find excusable neglect where counsel failed to notify defendants or the court of his illness); *Lapico v. Portfolio Recovery Assocs., LLC*, No. 6-1733, 2008 WL 1702187, at *2 (D. Conn. Apr. 11, 2008) (noting that "the Rules of Professional Conduct address how an attorney's illness should be treated vis-a-vis his clients and cases").

Here, Mr. Winters received extensions amounting to over two months. (*See* D.E. 32, 34.) During that period, Mr. Winters could have, at minimum, voiced his personal difficulties that purportedly prevented him from timely filing Plaintiffs' opposition. *See, e.g.*, Model Rule of Professional Conduct 1.16 ("[W]here representation has commenced, [a lawyer] shall withdraw from the representation of a client if: . . . (2) [t]he lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client . . . ."). Having previously been granted an extension without objection in March 2020, Mr. Winters allowed nearly two months to pass before this Court *sua sponte* extended Plaintiffs' opposition deadline a second time. (D.E. 32, 34.) Moreover, Mr. Winters exhibited a history of dilatoriness in complying with discovery requests before his failure to submit Plaintiffs' opposition. (*See* D.E. 43 at 6–8 (citing D.E. 42-1, 42-2, 42-3); *id.* at 15.) Important here, it is admitted that Mr. Winters "had been suffering from substance abuse and mental health infirmities that ***both predated***, and were exacerbated by, his physical injury in February [2020]." (D.E. 40-1 at 1–2 (emphasis added).) Accordingly, this Court finds that Mr. Winters' dilatory behavior throughout this litigation does not reflect good faith. *See ASD*, 2013 WL 5728549, at *8 (finding that a "well-documented pattern of non-compliance with court directives" evidenced a lack of good faith under the "excusable neglect" analysis); *see also Carcello*, 192 F.R.D. at 65 (noting that counsel "did not act diligently or promptly" by failing to inform his client of a medical condition that interfered with representation).

Additionally, Plaintiffs fail to meet the "extraordinary circumstances" standard under Rule 60(b)(6). In this regard, courts have held that "an attorney's illness is insufficient to constitute the 'extraordinary circumstances' necessary to justify the grant of a [Rule] 60(b)(6) motion." *Oborski v. Colvin*, No. 14-2237, 2015 WL 7016478, at *2 (M.D. Pa. Nov. 12, 2015) (collecting cases). Moreover, because Plaintiffs' submission does not contain any legal or evidentiary support in furtherance of their prospective opposition to the Motion to Dismiss which would justify a

4

different outcome, it appears that Plaintiffs will not suffer an extreme or unexpected hardship absent relief under Rule 60(b)(6).[5]

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion to Set Aside this Court's June 5, 2020 Order is **DENIED**.  An appropriate order follows.

                                                             /s/ Susan D. Wigenton    
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Cathy L. Waldor, U.S.M.J.
        Parties

---

[5] The Court notes that its June 5, 2020 Order also addressed the merits of the Motion to Dismiss Plaintiffs' Complaint. (*See supra*, n.3 (quoting D.E. 35 at 2, n.3).)